Ben Travis (SBN 305641)
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966
ben@bentravislaw.com

Attorneys for Plaintiff Terry Nelson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY NELSON, an individual, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| PENSKE LOGISTICS LLC, a Delaware corporation; and DOES 1 through 10, Inclusive, | <u>**CLASS ACTION**</u> |
| Defendants. | |

Plaintiff TERRY NELSON ("Plaintiff"), by and through his attorneys, brings this class action on behalf of himself, and all other similarly situated non-exempt employees who are or were employed in California by PENSKE LOGISTICS LLC ("Penske" or "Defendant") and DOES 1 through 10, inclusive between four years prior to the date of the filing of this action through the date of final disposition of this action. Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## **INTRODUCTION**

1.    This California-based class action is brought on behalf of Plaintiff and the Class[1] because of Defendant's systematic mistreatment of its employees, in violation of California's wage and hour laws.

2.    Defendant operates warehouse distribution facilities throughout the state of California and employs numerous employees at those distribution facilities.

3.    Employees were required to work off-the-clock and were also not reimbursed for required business expenses.

4.    Additionally, Defendant failed to accurately calculate regular rates of pay. Defendant regularly paid several types of bonuses, but failed to factor those bonuses into the regular rate of pay for the purpose of calculating: overtime premium wages; missed meal and rest premium wages; sick leave wages; and vacation pay wages.

5.    Further, Defendant regularly failed to provide employees with proper meal breaks, failed to authorize and permit legally compliant rest breaks, and failed to provide meal and rest break premiums in lieu of such breaks.

6.    Defendant also failed to provide accurate wage statements and maintain adequate records and failed to pay all wages owed upon termination of employment.

7.    Finally, Defendant did not comply with California quota laws

8.    Upon information and belief, the above practices are uniform at all

---

[1] The "Class" is defined in paragraphs 55-58.

CLASS ACTION COMPLAINT

distribution facilities in the State of California and are still ongoing.

9.    In order to redress the harms suffered, Plaintiff, on behalf of himself and the Class, brings claims associated with Defendant's violations of the California Labor Code and the applicable IWC Wage Order, including: (1) failure to pay all minimum, regular rate and overtime wages for off-the-clock work;  (2) failure to pay all wages at legally sufficient rates; (3) failure to provide meal periods in violation of Labor Code §§226.7 and 512; (4) failure to provide rest periods in violation of Labor Code §226.7; (5) failure to reimburse for required business expenses; (6) failure to provide accurate wage statements in violation of Labor Code §226; (7) failure to timely pay wages when due at termination in violation of Labor Code §§201 and 202; (8) failure to comply with California quota laws in violation of Labor Code § 2100 *et seq.*; and (9) violation of the Unfair Competition Law ("UCL") pursuant to Business & Professions Code §17200, et seq.

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over Plaintiff because his domicile is in California.

11.    This Court has personal jurisdiction over Defendant because Defendant has conducted and continues to conduct substantial business in California, employs numerous individuals in California, and has intentionally availed itself of the laws and markets of California through the operation of its business in California.

12.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendant (Delaware, Pennsylvania) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

13.    Venue is proper in this Court because Defendant employs numerous individuals in this District. Further, Plaintiff resides in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

# PARTIES

## A. PLAINTIFF

14.    Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of San Joaquin in the State of California.

15.    During the Class Period, Plaintiff worked at one of Defendant's distribution facilities in Manteca, California. Plaintiff was employed by Defendant from in or around November 2018 through on or around May 11, 2023.

## B. DEFENDANT

16.    Defendant is a Delaware corporation with its principal place of business in the State of Pennsylvania.

17.    On information and belief, Defendant operates distribution facilities throughout the State of California and employs numerous employees in those distribution facilities.

18.    Based on information and belief, Defendant had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and the Class's wages, hours, and working conditions.

19.    Based on information and belief, Defendant had knowledge of the wage-and-hour violations alleged herein and had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendant could have but failed to prevent the violations from occurring.

20.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

21.    Plaintiff believes and thereon alleges that each "Doe" defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by such

defendant and its acts.

22.    Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of the named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendant.

23.    The tortious acts and omissions alleged herein were performed by Defendant's management level employees. Defendant allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and has caused, and will continue to cause, Plaintiff's economic damage in an amount to be proven at trial.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

24.    Defendant operates distribution warehouses throughout the State of California. Workers at those warehouses are provided with lifts and are given assignments to complete. The assignments consist of driving their lift up and down aisles in enormous warehouses, taking items off the shelves to be ultimately shipped to customers and/or retail stores.

25.    Defendant utilizes a system in which the employee's workday is controlled by a computerized system on the lifts. The computerized system provides the assignments and tracks the employee's performance rate on the assignments.

26.    Employees are given a limited amount of time to complete each assignment. If they do not complete their assignments within the time allotted, they receive lower scores, are reprimanded and can be terminated.

### Off-the-clock Work

27.     Employees are required to work time off-the-clock before their shifts.

28.    Before starting their work assignments, Plaintiff and other Class members were required to conduct safety checks on their lifts. However, this time is counted against their performance time which could result in being disciplined and terminated.

As a result, employees need to complete their safety checks before the start time of their shifts.

29.    Therefore, employees are required to arrive at least ten minutes prior to their shifts in order to prepare their lift and conduct safety checks so they can start their assignments on time. However, employees are not allowed to clock in until the start time of their shifts. This results in unpaid off-the-clock work.

**Failure to Accurately Calculate the Regular Rate of Pay and Therefore Failure to Pay all Wages at Legally Required Rates**

30.    Defendant regularly paid various types of bonuses.

31.    However, Defendant failed to incorporate those bonuses into the appropriate calculations of the regular rate of pay for: overtime premium wages; missed meal and rest period wages; sick leave wages; and vacation wages.

**Meal Breaks**

32.    The computerized system prevents employees from being able to take their meal and rest breaks.

33.    The system provides for a 35-minute meal period that does not count against performance time.

34.    However, in order to clock out for the break, the employee must still clock out on a time clock at the breakroom. The employee must first park their lift. This requires waiting in line for other employees to park their lift.  This takes approximately five minutes. After clocking back in on the time clock, the employees must complete the reverse process which also takes approximately five minutes. Because an employee is required to take at least a 30-minute meal break on the time clock, this results in the computerized system recording 40 minutes for a meal break and the employee is penalized on his or her performance, due to the discrepancy.

35.    Because employees are counseled, written up and terminated for even small performance rate issues, this results in employees not taking their breaks.

36.    Upon information and belief, Defendant modifies the time records to

reflect that a break was taken when it was not.

37.    Further, even when employees are able to take breaks, they are often interrupted and/or taken after the fifth hour of work

38.    Plaintiff and Class members are owed premiums for all of these missed meal periods.

**Rest Breaks**

39.    For rest breaks, employees are allegedly provided with 15 minutes for each rest break.

40.    However, upon information and belief, the computerized system counts the rest breaks against performance time.

41.    Because employees are counseled, written up and terminated for even small performance rate issues, this results in employees not taking their breaks.

42.    Further, an employee is only allowed to use the restroom on his breaks. However, it takes the employee several minutes each way to go to and from the restroom.

43.    As a result, Plaintiff and Class members who do take their breaks are provided with rest breaks less than 10 minutes.

44.    Plaintiff and Class members are owed premiums for those missed rest periods.

**Unreimbursed Expenses**

45.    Defendant also requires employees to purchase steel-toed boots which they must use when working in the warehouses. Defendant provides a voucher but that is insufficient to cover the cost of the boots.

**Wage Statements**

46.    Because of Defendant's failure to record all hours worked and failure to pay all wages and premiums owed, the wage statements it issues to employees are incorrect.

47.    The wage statements also do not accurately state the name and address of

1  the employer.

2  **Termination of Employment**

3      48.   When Plaintiff's employment with Defendant ended, Defendant failed to

4  pay him all money that he was owed, as a result of not paying him for off-the-clock

5  work, not paying wages at legally required rates and not paying meal and rest break

6  premiums as alleged above.

7  **Failure to Comply with Quota Laws**

8      49.   Defendant did not provide a written description of each quota to which

9  Plaintiff and Class members were subject, including the quantified number of tasks to

10  be performed or materials to be produced or handled, within the defined time period,

11  and any potential adverse employment action that could result from failure to meet the

12  quota

13      50.   Defendant also required Plaintiff and Class members to meet a quota that

14  prevents compliance with meal or rest periods and use of bathroom facilities, including

15  reasonable travel time to and from bathroom facilities.

16      51.   Defendant also took adverse employment action against Class members

17  for failure to meet such quotas.

18      52.   Plaintiff is informed and believes that all of the above practices he

19  experienced were not unique to him but rather were companywide policies and

20  practices at all distribution facilities in the State of California and were suffered by all

21  non-exempt employees.

22      53.   Plaintiff is informed and believes that the unlawful wage and hour policies

23  described in this action are set centrally and are applicable through-out California.

24      54.   Plaintiff is informed and believes that the unlawful wage and hour policies

25  described in this action are still ongoing.

26

27

28

## CLASS ACTION ALLEGATIONS

55.    Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All Non-Exempt current and former employees of Defendant
> who were employed at a warehouse in California during the
> Class Period.

56.    "Non-Exempt" means employees that are not exempt from California wage and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

57.    "Class Period" means the period from four years prior to the filing of this action through the date of final disposition of this action.

58.    Excluded from the Class are Defendant, its officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendant has a controlling interest, and any Judge assigned to this case and their immediate families.

59.    Plaintiff reserves the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

60.    **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several thousand class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendant.

61.    **Predominance of Common Questions:** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendant:

> a)  Failed to pay Plaintiff and members of the Class all of their earned wages

and compensation;

b) Failed to authorize and permit Plaintiff and members of the Class to take all rest periods to which they were entitled by the applicable laws;

c) Failed to provide Plaintiff and members of the Class the opportunity to take all meal periods to which they were entitled by the applicable laws;

d) Failed to track Class members' meal periods;

e) Failed to pay Plaintiff and members of the Class one hour of pay at their regular rate of compensation for each earned rest period not permitted and/or each earned meal period not provided;

f) Failed to timely pay Plaintiff and members of the Class all their earned wages and compensation;

g) Failed to furnish to Plaintiff and members of the Class accurate, itemized wage statements compliant with Labor Code §226;

h) Failed to timely pay Plaintiff and members of the Class all of their earned wages, compensation and benefits immediately upon termination of their employment or within seventy-two hours of them quitting;

i) Failed to reimburse employees for the purchase of steel-toed boots; and/or

j) Failed to comply with California quota laws.

62.    The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) Defendant's legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive, uninterrupted minutes for shifts of at least four hours or major fraction thereof and a second rest period for shifts in excess of six hours;

c) Defendant's legal obligation to provide members of the Class the

opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in excess of five hours and a second meal period for shifts in excess of ten hours;

d) The Class members' entitlement to one hour of pay at the members' regular rate of compensation for each paid ten (10) consecutive minute, uninterrupted, rest period that Defendant did not permit the Class members to take;

e) The Class members' entitlement to one hour of pay at his/her regular rate of compensation for each thirty (30) consecutive minute, uninterrupted, meal period that Defendant did not provide;

f) The requirements for a wage statement to be compliant with Labor Code §226; and/or

g) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not timely paid all earned minimum, regular and overtime wages, compensation and benefits; were not paid all wages and premium compensation earned at the time of the termination of their employment relationship with Defendant; were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest periods; were not provided earned thirty (30) minute meal periods;

63. **Typicality:** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all putative Class members were subject to, and affected by, Defendant's systemic policies and practices alleged herein.

64. **Adequacy:** Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff is represented by experienced and

competent Class Counsel. Class Counsel have litigated numerous class actions. Class Counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all of the Members of the Class.

65.    **Superiority:** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

### Failure to Pay all Regular and Overtime Wages (Off-the-Clock Work)
### [Cal. Labor Code §§ 200, 204, 510, 1194 & 1198]

66.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

67.    Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

68.    Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be

paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

69.    Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

70.    As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

71.    Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

72.    Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

73.    As set forth above, Defendant required Plaintiff and other Class members to work off-the-clock. Plaintiff and Class members regularly worked more than eight hours a day and more than 40 hours a week, however, Defendant did not compensate

Plaintiff and the Class members for the time spent working for Defendant before they clocked in.

74.    As such, Plaintiff and other Class members are owed wages for those unpaid hours.

75.    Plaintiff and other Class members are entitled to recover from Defendant all of such unpaid regular pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION

**Failure to Pay All Wages at Legally Sufficient Rates (Base Rate Calculations)**

**[Cal. Labor Code §§ 245-249, 226.7, 227.3, 510, 512]**

76.    Plaintiff re-alleges and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

**Failure to Pay Overtime Wages at Legally Sufficient Rates (Labor Code § 510):**

77.    Labor Code section 510 requires overtime be paid after 8 hours in a day at the rate of no less than one and one-half times the regular rate of pay for an employee. The applicable IWC Wage Order at item 20 provides for the same requirement.

78.    Defendant failed to fully compensate Plaintiff and other members of the Class for all overtime wages they earned.

79.    Specifically, Defendant failed to include the earned bonuses when calculating the regular rate of pay in order to calculate overtime compensation.

80.    Plaintiff is informed and believes, and thereon alleges that the failure of Defendant to fully compensate Plaintiff and other members of the Class for overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of Defendant's operations.

81.    As a proximate cause of the aforementioned violations, Plaintiff and other members of the Class have been damaged in an amount according to proof at time of

trial. Plaintiff and the other members of the Class are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code §558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code §§1194, et seq.

**Failure to Pay Rest and Meal Period Premium Wages at Legally Sufficient Rates (Labor Code §§ 226.7, 512):**

82.    Labor Code § 512(a) states, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

83.    Section (A) of the "Meal Period" provision of the applicable IWC Wage Order states, "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered and 'on duty' meal period and counted as time worked.'" Section (D) states "If an employer

1  fails to provide an employee a meal period in accordance with the applicable
2  provisions of this Order, the employer shall pay the employee one (1) hour of pay at
3  the employee's regular rate of compensation for each work day that the meal period is
4  not provided."

5  84.    Labor Code § 226.7 states: "(b) An employer shall not require an
6  employee to work during a meal or rest or recovery period mandated pursuant to an
7  applicable statute, or applicable regulation, standard, or order of the Industrial
8  Welfare Commission, the Occupational Safety and Health Standards Board, or the
9  Division of Occupational Safety and Health."

10  85.    On July 15, 2021, the California Supreme Court held in *Ferra v. Loews*
11  *Hollywood Hotel, LLC*, (2021) 11 Cal. 5th 858, that the term "regular rate of
12  compensation" under § 226.7(c) is equivalent to the term "regular rate of pay" under
13  Labor code § 510(a). Accordingly, the meal and rest break premiums owed must be
14  paid at the same rate as would be required under Labor Code § 510(a). On the rare
15  occasions that Defendant actually paid meal break premiums, those premiums were
16  only paid at the basic hourly rate and did not account for any bonuses paid.
17  Accordingly, Defendant violated Labor Code § 226.7(c).

18  86.    Because of the unlawful acts of Defendant, Plaintiff and other members
19  of the Class have been deprived of wages and other compensation, which is an
20  amount resulting directly from the acts complained of. Plaintiff and the other Class
21  members are entitled to recover one additional hour of pay at his or her regular rate of
22  compensation for each workday that the meal period was not provided, plus interest
23  thereon and costs of suit in an amount to proven at or following trial of this matter.
24  Lab. Code §226.7(c); the applicable IWC Wage Order, ¶11(B).

25  **Failure to Pay Sick Leave at Legally Sufficient Rates (Cal. Labor Code §§ 245-**
26  **249):**

27  87.    Pursuant to the California Healthy Workplaces Healthy Families Act,
28  ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide

paid sick leave to employees. Labor Code § 246(l)(1)-(2) mandates that sick leave be calculated in the same fashion that overtime base rates are calculated for the pay period sick leave is used, or in a 90-day period in which the sick leave is used. In either case, the rate should be calculated by dividing the sum of all wages by total hours. However, Defendant refuses to include all wages earned (including bonuses) in the calculations, and instead pays sick leave at the employee's simple hourly rates. Plaintiff and other class members are therefore owed compensation for these improperly paid sick time hours.

88.    In failing to pay the proper sick leave rate, Defendant also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates.

**Failure to Pay Vacation Pay at Legally Sufficient Rates (Cal. Labor Code §§ 227.3):**

89.    Labor Code § 227.3 provides that "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

90.    Plaintiff and certain Class members have either resigned from Defendant's employ or had their employment terminated by Defendant. At all relevant times, Defendant has had an established written policy, practice, or agreement to provide paid vacation to its warehouse employees employed in the State of California wherein employees receive additional compensation in the form of

vacation time, which they can use to take time off from work with compensation. Upon resignation or termination, Defendant paid Plaintiff and the other Class members vested vacation time at an hourly rate of pay that was lower than their final regular hourly rates of pay, because Defendant failed to include earned commissions when calculating the regular rate of pay, in violation of Labor Code § 227.3.

91.    Plaintiff and other Class members are entitled to payment of their vested, but unused vacation time compensation at the correct rate upon resignation or termination.

### THIRD CAUSE OF ACTION

**Failure to Provide Meal Breaks or Compensation in Lieu Thereof**

**[Cal. Labor Code §§ 226.7 & 512]**

92.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

93.    Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. *See also* the applicable IWC Wage Order, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant* Corp. v. *Superior Court* (2012) 53 Cal.4th 1004, 1040. If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.* Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order, item 11. If the employer fails to provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation

for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

94.     Plaintiff contends that as a policy, practice, guideline and/or procedure, Defendant failed to provide meal breaks to its employees. Specifically, Defendant set up its system such that an employee was penalized for trying to take a full 30-minute meal period. Therefore, employees were prevented from taking meal breaks. As such, Plaintiff and other Class members were not relieved of duty and were not provided legally adequate meal breaks.

95.     Because of the unlawful acts of Defendant, Plaintiff and the other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of. Plaintiff and the other Class members are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c) and the applicable IWC Wage Order, ¶11(B).

96.     Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## FOURTH CAUSE OF ACTION

### Failure to Authorize and Permit Rest Breaks or Compensation in Lieu Thereof

### [Cal. Labor Code § 226.7]

97.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

98.     The applicable IWC Wage Order, item 12 requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id*. Under

Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* the applicable IWC Wage Order.

99. As set forth above, Defendant consistently did not authorize and permit full 10-minute off-duty rest breaks.

100. Because of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiff and other members of the Class are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the rest period was not permitted, plus interest thereon and costs of suit in an amount to be proven at or following trial of this matter. *See,* the applicable IWC Wage Order, ¶12(B).

101. Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## FIFTH CAUSE OF ACTION

### Failure to Reimburse Expenses

### [Cal. Labor Code § 2802]

102. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

103. Labor Code section 2802(a) provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

104. Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.

Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

105. Furthermore, Labor Code section 2802(c) states "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

106. Defendant required Plaintiff and other Class members to purchase steel-toed boots as a condition of employment. Plaintiff and other Class members were not reimbursed for this necessary expense which was required for the benefit of their employer.

107. Defendant did not compensate Plaintiff and Class members for these costs incurred in the discharge of their duties and they are entitled to recover these expenses. Plaintiff and other Class members also seek recovery of interest, attorney's fees and costs to the extent allowed by law.

## SIXTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### [Cal. Labor Code § 226]

108. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

109. Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

110. Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars·($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

111. In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

112. Section (B) of the "Records" provision of the applicable IWC Wage Order states that "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and ( 4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

113. Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are

employed, payroll records showing the hours worked daily by and the wages paid to, employees employed at the respective establishments. These records shall be kept on file for not less than three years. Labor Code § 1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully fails to maintain the records pursuant to Labor Code section 1174(d).

114.  Sections (7)(A)( 4) and (5) of the "Records" provision of the applicable IWC Wage Order provides that employers shall keep accurate information with respect to each employee, including total wages paid each payroll period, total hours worked during the payroll period, and applicable rates of pay, as well as time records showing when each employee begins and ends each work period. The time records must also show meal periods, split shift intervals, and total daily hours worked.

115.  Defendant failed to maintain records as set forth in § 1174 of the Labor Code and the "Records" section of the applicable IWC Wage Order including but not limited to, accurately recording applicable rates of pay.

116.  Defendant also failed to provide accurate itemized wage statements as required by Labor Code §226.

117.  Due to Defendant not paying for all hours worked, not paying at legally required rates and not paying meal and rest period premiums, Defendant does not record proper hours and wages, and does not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc.. Nor do the wage statements properly state the name and address of the legal entity that is the employer.

118.  Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

119.  By knowingly and intentionally failing to keep accurate time records and failing to provide proper wage statements as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, ¶7, Defendant has injured Plaintiff and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendant (including wages, interest and penalties thereon) due Plaintiff and the Class.

120.  Because of Defendant's unlawful acts, Plaintiff and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

## SEVENTH CAUSE OF ACTION

### Failure to Pay All Wages Due Upon Termination

### [Cal. Labor Code §§ 201-203]

121.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

122.  Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

123.  Labor Code § 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

124.  Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

125.  Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

126.  Defendant failed to pay Plaintiff and the other Class members all minimum, regular, overtime, and meal and rest period wages due and owing during and upon termination of employment. Defendant willfully failed to pay all wages when required by §§ 201 and 202 of the Labor Code.  Therefore, Defendant owes waiting time penalties to all affected employees including Plaintiff.

127.  Defendant failed to pay earned wages to Plaintiff and members of the Class upon their termination and/or within 72 hours of the last day of their employment with Defendant. More than 30 days have passed since Plaintiff and members of the Class have been terminated and/or quit Defendant's employ.

128.  Because of Defendant's willful conduct in not paying all wages due upon discharge and/or resignation of employment, Plaintiff and the other members of the Class are entitled to 30-days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code §218.5, Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Failure to Comply with California Quota Laws

### [Cal. Labor Code § 2100 *et seq.*]

129.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set

forth herein.

130. Labor Code § 2101 provides that each employer that employs 100 or more employees at a single warehouse distribution center in California, or 1,000 employees at one or more warehouse distribution centers in California, shall provide upon hire or within 30 days of the effective date of this part, a written description of each quota to which the employee is subject, including the quantified number of tasks to be performed or materials to be produced or handled, within the defined time period, and any potential adverse employment action that could result from failure to meet the quota.

131. Labor Code § 2102 provides that an employee shall not be required to meet a quota that prevents compliance with meal or rest periods, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards. An employer shall not take adverse employment action against an employee for failure to meet a quota that does not allow a worker to comply with meal and rest periods, or occupational health and safety laws in the Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the employee pursuant to Section 2101.

132. Labor Code § 2103 provides:

(a) Any actions taken by an employee to comply with occupational health and safety laws in the Labor Code or division standards shall be considered time on task and productive time for purposes of any quota or monitoring system.

(b) Notwithstanding subdivision (a), consistent with existing law, meal and rest breaks are not considered productive time unless the employee is required to remain on call.

133. Defendant failed to provide employees with a written description of applicable quotas and any potential adverse employment action that could result from

failure to meet the quota. Defendant also required Plaintiff and other Class members to meet quotas that prevented compliance with meal and rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom facilities. Similarly, the quota system prevented Plaintiff and other Class members from taking breaks because it failed to account for or treat time traveling to and from break areas as productive in the quota such that Plaintiff and other Class members were penalized under the quota for taking breaks.

134. Defendant took adverse employment actions against Plaintiff and other Class members, including termination, for failure to meet a quota that did not allow them to take meal and rest periods and use the bathroom facilities, including reasonable travel time to and from bathroom facilities, and for failure to meet a quota that had never been disclosed to them as required by § 2101.

135. Labor Code § 2108 provides that "[a] current or former employee may bring an action for injunctive relief to obtain compliance with Sections 2101 to 2104, inclusive, and may, upon prevailing in the action, recover costs and reasonable attorney's fees in that action. In any action involving a quota that prevented the compliance with regulations promulgated by the Occupational Safety and Health Standards Board, the injunctive relief shall be limited to suspension of the quota and any adverse action that resulted from its enforcement."

136. Plaintiff on behalf of himself and other Class members seeks injunctive relief for Defendant's violation of the quota laws.

137. Plaintiff also seeks costs and reasonable attorneys' fees.

# <u>NINTH CAUSE OF ACTION</u>

## Violation of the Unfair Competition Law

## [Business & Professions Code § 17200 *et seq.*]

138. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set

forth herein.

139.  Defendant engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendant as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

140.  Defendant has conducted the following unlawful activities:

a)  violations of Labor Code §§ 200, 204, 510, 1194 & 1198 by requiring Plaintiff and the Class to work off-the-clock and not paying them minimum and overtime wages for those hours worked;

b)  violations of Labor Code §§ 245-249, 226.7, 227.3, 510, 512, by failing to pay Plaintiff and the Class vacation pay, sick pay, overtime pay, meal period premiums and rest break premiums at the correct legal rate;

c)  violations of Labor Code §§512 and 226.7, and the applicable IWC Wage Order, ¶11, by failing to provide and/or precluding Plaintiff and the Class from taking a 30-minute restrictive-free meal period after working more than five hours per day and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the meal periods were not provided;

d)  violations of Labor Code §226.7 and the applicable Wage Order  ¶12, , by failing to provide and/or precluding Plaintiff and the Class from taking rest periods and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the rest periods were not provided;

e)  violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order, ¶7, by failing to maintain and provide Plaintiff and the Class with accurate payroll and time records;

f)  violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiff and the Class;

g)  violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned wages to Plaintiff and the Class upon their termination and/or within 72 hours

of the last day of their employment with Defendant or upon regularly scheduled pay days required by California law;

h)  violations of Labor Code § 2802, by not reimbursing for required business expenses;

i)  violations of Labor Code § 2101-2103 by not complying with the California quota laws.

j)  And/or any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

141.  Defendant's activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendant's practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class.

142.  The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiff and the Class

143.  Because of Defendant's violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiff and the Class have suffered injury-in-fact and have lost money or property because of Defendant's practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiff and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Specifically, there is no adequate remedy at law for unpaid wages which occurred more than three years prior to the filing of this action, while the Unfair Competition Law allows for restitution for four years.

144.  As a direct and proximate result of the unfair business practices of Defendant, Plaintiff and the Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendant to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

145.  The unlawful and unfair conduct alleged herein is continuing. Plaintiff believes and alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, it will continue to violate the noted laws.

146.  Plaintiff and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.     That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiff as representative of the Class and his attorneys as Class Counsel;

2.     For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3.     For restitution of all monies, wages, expenses, and costs due to Plaintiff and the Class;

4.     For liquidated damages under Labor Code § 1194.2;

5.     For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, 2108, 2802, and Code of Civil Procedure § 1021.5;

6.     For pre-judgment and post-judgment interest, to the extent allowable by law, including but not limited to pre-judgement interest authorized under

Labor Code § 218.6;

7. For all applicable statutory penalties recoverable under Labor Code §§203, 210, 226, 558, and as otherwise authorized by statute or law;

8. For an injunction restraining Defendant from continuing to engage in unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, et seq.;

9. For injunctive relief under Labor Code § 2108 to obtain compliance with Labor Code §§ 2101-2103

10. For any other appropriate declaratory relief;

11. For all such other and further relief as the Court deems proper and just under all the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all claims so triable.


DATED: November 27, 2023                **BEN TRAVIS LAW, APC**



                                         /s Ben Travis
                                         Ben Travis, Esq.
                                         Attorneys for Plaintiff

CLASS ACTION COMPLAINT